JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew Zellers-Frederick

### DEFENDANTS
Northampton County Historical and Geneological Society

**(b)** County of Residence of First Listed Plaintiff  Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam D. Meshkov, Esquire, Meshkov & Breslin, 830 Lehigh Street, Easton, PA 18042, 610-438-6300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C Section 12101 et seq.
Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 01/16/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __45 North 2nd Street, #406, Easton PA 18042__

Address of Defendant: __342 Northampton Street, Easton PA 18042__

Place of Accident, Incident or Transaction: __342 Northampton Street, Easton PA 18042__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/16/2019    _/s/_ Attorney-at-Law / Pro Se Plaintiff    94856    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    (Please specify): __Americans with Disabilities Act__

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury (Please specify): _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Adam D. Meshkov__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 01/16/2019    _/s/_ Attorney-at-Law / Pro Se Plaintiff    94856    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Andrew Zellers-Fredrick : CIVIL ACTION
v.
Northampton County Historical
and Genealogical Society : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

1/16/2019          Adam D. Meshkov          Plaintiff
**Date**          **Attorney-at-law**          **Attorney for**

610-438-6300     610-438-6304     adm@meshkovbreslin.com
**Telephone**          **FAX Number**          **E-Mail Address**


(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW ZELLERS-FREDRICK : | |
| : | |
| Plaintiff : | |
| vs. : | |
| : | No.: |
| NORTHAMPTON COUNTY : | |
| HISTORICAL AND GENEALOGICAL : | |
| SOCIETY : | |
| : | JURY TRIAL DEMANDED |
| Defendant : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, ANDREW ZELLERS-FREDRICK, by and through his undersigned attorney, ADAM D. MESHKOV, ESQUIRE, hereby brings this Complaint against Defendant, NORTHAMPTON COUNTY HISTORICAL AND GENEALOGICAL SOCIETY, and in support thereof avers as follows:

### PARTIES

1. Plaintiff, ANDREW ZELLERS-FREDRICK, is an adult individual with an address of 45 North 2nd Street, #406, Easton PA 18042.

2. Defendant, NORTHAMPTON COUNTY HISTORICAL AND GENEOLOGICAL SOCIETY, is upon information and belief a non-profit organization authorized to do business in Pennsylvania with a principal place of business located at 342 Northampton Street, Easton PA 18042.

### VENUE AND JURISDICTION

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12101 et seq.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under the Pennsylvania Human Relations Act at 43 Pa.C.S.A. §951 et seq., pursuant to 28 U.S.C. §1367.

5. Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the FLSA violations alleged below occurred in this District and because both parties are found in this District.

## EXHAUSTION OF REMEDIES

6. Plaintiff filed a charge of discrimination with the Equal Opportunity in Employment Commission ("EEOC") on or about November 15, 2017.

7. Plaintiff has requested but has not yet received a "Right to Sue" letter from the EEOC.

## FACTUAL ALLEGATIONS

8. Plaintiff was hired by Defendant in January 2016 in the position of Executive Director for which he was and is highly qualified, having obtained a Bachelors of Arts and Master's Degree in History with extensive experience in historical site and museum administration.

9. Upon information and belief, Defendant is a non-profit organization which is run by a volunteer Board of Trustees which effectively makes all employment-related decisions including the decision to hire and/or fire. At all times relevant, the Board of Trustees' Chairman/President was L. Anderson Daub.

10. During the course of his employment, Plaintiff attended a number of meetings of the Board of Trustees during which it was apparent that Mr. Daub dominated the Board's decision-making and was the person most responsible for Plaintiff's unlawful termination as detailed below.

11. Plaintiff has been diagnosed with a disability as defined by the Americans with Disabilities Act which causes him limitations in terms of physical stamina in the evening hours and for which he has and continues to receive extensive medical treatment.

12. For almost the start of his employment, Plaintiff informed Defendant through Mr. Daub the precise nature of the disability as well as the medical treatment he has received and the limitations it produces. Specifically, Plaintiff informed Mr. Daub on several occasions that due to his disability, he did not possess the energy and stamina to attend event planning meetings in the evening hours.

13. Despite Plaintiff's modest limitations produced by his disability, Plaintiff at all times, met and exceeded all performance obligations while employed in the position of Executive Director for which he received numerous accolades from not only benefactors of the organization but also from various public officials with who he had occasions to interact including the present mayor of Easton, Salvatore J. Panto, Jr., and Pennsylvania State Representative for the 136th District, Robert L. Freeman.

14. Despite his having performed his employment in an exceptional manner, Plaintiff was nonetheless the target of unlawful discrimination based on his disability as demonstrated by Mr. Daub on behalf of Defendant.

15. In 2017, Mr. Daub openly and repeatedly criticized Plaintiff for his purported unwillingness to attend meeting planning events in the evening hours and despite his full knowledge that Plaintiff was simply unable to do so based on the physical limitations created by his disability.

16. In April 2017, Plaintiff was hospitalized due to his disability of which Defendant was aware.

17. During a personnel committee meeting on July 20, 2017, Mr. Daub publicly referred to Plaintiff as a "liar" within the hearing of the other attending members of the committee based on his alleged misuse of vacation time which Plaintiff vigorously denies and disputes and which Mr. Daub has separately acknowledged having done in writing. Upon information and belief, Mr. Daub's true motivation for publicly humiliating CP was motivated by discriminatory animus.

18. On July 20, 2017, Plaintiff was informed by Mr. Daub that his employment was to be terminated based on his failure to have attended the planning meetings which Plaintiff not only disputes but believes to be pretext to unlawful discrimination based on his disability.

## COUNT ONE
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. § 12101 et seq. - FAILURE TO ACCOMMODATE

19. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth fully below.

20. Plaintiff is a disabled person as defined by the Americans with Disabilities Act of 1990 ("ADA").

21. Plaintiff was qualified to perform his job and did perform his job up through the time of his dismissal, with reasonable accommodation.

22. Despite the availability of such reasonable accommodation at no expense or inconvenience to Defendant, Plaintiff was removed from his job despite no record of any deficiency in his performance.

23. By taking an adverse employment action against Plaintiff and failing to make reasonable accommodations to him, Defendant committed a blatant violation of the ADA.

24. Defendant had no reasonable basis for terminating Plaintiff or refusing Plaintiff a reasonable accommodation, and cannot establish that the requested accommodation would have amounted to an undue hardship.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring his compensation for damages suffered in the form of lost wages (backpay), anticipated wages (front pay), emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, liquidated damages, if applicable, reasonable attorney's fees and costs and all such other relief as this Court deems just, equitable and proper.

## COUNT TWO
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa. C.S.A. § 951 *et seq.* – DISABILITY DISCRIMINATION

25. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth fully below.

26. Plaintiff is a disabled person as defined by the Pennsylvania Human Relations Act ("PHRA").

27. Plaintiff was qualified to perform his job and did perform his job up through the time of his dismissal, with reasonable accommodation.

28. Despite the availability of such reasonable accommodation at no expense or inconvenience to Defendant, Plaintiff was removed from his job despite no record of any deficiency in his performance.

29. By taking an adverse employment action against Plaintiff and failing to make reasonable accommodations to him, Defendant committed a blatant violation of the PHRA.

30. Defendant had no reasonable basis for terminating Plaintiff or refusing Plaintiff a reasonable accommodation, and cannot establish that the requested accommodation would have amounted to an undue hardship.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring his compensation for damages suffered in the form of lost wages (backpay), anticipated wages (front pay), emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, liquidated damages, if applicable, reasonable attorney's fees and costs and all such other relief as this Court deems just, equitable and proper.

## COUNT THREE
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa. C.S.A. § 951 *et seq.* – RETALIATION

31. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

32. Plaintiff engaged in protected activity by requesting a reasonable accommodation of his disability under the ADA.

33. Defendant's termination was in direct retaliation for Plaintiff making a reasonable accommodation request under the ADA.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring his compensation for damages suffered in the form of lost wages (back pay), anticipated wages (front pay), emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, liquidated damages, if applicable, reasonable attorney's fees and costs and all such other relief as this Court deems just, equitable and proper.

                                           MESHKOV & BRESLIN

*/s/adm2795*
ADAM D. MESHKOV, ESQUIRE
PA ID: 94856
830 Lehigh Street
Easton, PA 18042
610 438-6300 / 610 438-6304
*Attorney for Plaintiff*

7